UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

**R. ALEXANDER ACOSTA,** Secretary
of Labor, United States Department of Labor,

      Plaintiff,

  v.

**LA UNION, LLC doing business as
DELICIAS SUPERMARKET**

**and**

**IGNACIO PEREZ NEGRON,**
      **Individually,**

      Defendants.

Civil Action No.

## **COMPLAINT**

Plaintiff, Secretary of Labor, United States Department of Labor (Plaintiff), brings this action to enjoin the Defendant La Union, LLC doing business as Delicias Supermarket and Ignacio Perez Negron, individually (Defendants) from violating the provisions of sections 6, 7, 11 and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.) ("the Act") pursuant to section 17 of the Act and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act.

**II.**

(a) Defendant, La Union, LLC, is an Ohio limited liability corporation doing business as Delicias Supermarket ("Delicias") having its main office and place of business at 316 Northland Blvd. in Cincinnati, Ohio which is within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged as a supermarket and in performance of related types of activities.

(b) Defendant, Ignacio Perez Negron (Perez), is the sole owner of Defendant Delicias and at all times hereinafter mentioned was responsible for the hiring of employees, firing of employees and setting pay rates of its employees. Defendant Perez acted directly or indirectly in the interest of Delicias in relation to its employees and is an employer within the meaning of section 3(d) of the Act.

**III.**

Defendants are and, at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

**IV.**

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned

had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V.

(a) Defendants repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on August 11, 2014. Defendants paid salaried, non-exempt employees weekly salaries that were too low to compensate for hours worked at rates of $7.25 per hour.

(b) In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of Sections 6 and 15(a)(2) of the Act by continuing to employ employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for wages at rates less than $7.25 per hour for time worked beginning on August 11, 2014.

VI.

(a) Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty hours without compensating said employees for hours

3

worked in excess of forty hours per week at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants did not pay premium wages to salaried, non-exempt employees who worked in excess of forty hours in a week. Defendants also did not pay premium wages to hourly employees who worked in excess of forty hours in a week.

(b)  In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating these employees for their employment in excess of forty hours, at rates not less than one and one-half times the regular rate at which they were employed.

## VII.

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to adequately and accurately show, among other things, the hours worked by all employees, full names of employees and dates of birth of employees under 19 years of age.

**VIII.**

Defendants repeatedly violated the provisions of Sections 12(c) and 15(a)(4) of the Act by employing minors between the ages of 14 and 16 in occupations requiring: the use of a power-driven meat-processing machine, such as a meat slicer (Hazardous Occupations Orders 10); more than three hours of work on a school day; more than eight hours of work on a school day; more than eighteen hours a week when school is in session; more than forty hours per week when school is not in session; work beyond 7:00 p.m. during the school year; work beyond 9:00 p.m. when school is not in session; and, more than eight hours of work on a non-school day. All of the minors were and are employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid. Such employment constitutes oppressive child labor as defined in Section 3(l) of the Act.

**IX.**

During the period since August 11, 2014, defendants repeatedly have violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in

active concert or participation with them, from prospectively violating the provisions of section 15 of the Act; and

    B. For an Order:

        1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

        2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be **necessary and appropriate.**

*/s/ Elizabeth R. Ashley*
**ELIZABETH R. ASHLEY**
Senior Trial Attorney (#0046823)
US Department of Labor
1240 East 9th Street, Rm. 881
Cleveland, Ohio 44199
(216) 522-3811 direct
(216) 522-7172  facsimile
email: ashley.elizabeth@dol.gov

OF COUNSEL:

BENJAMIN T. CHINNI (0025356)
Associate Regional Solicitor

MAUREEN M. CAFFERKEY (0031165)
Counsel for Wage Hour and
Civil Rights